IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY SCOTT JOHNSON,                )<br>　　ID # 1024898,                              )<br>　　　　Petitioner,                            )<br>vs.                                                      )<br>　　　　　　　　　　　　　　　　　　)<br>LORIE DAVIS, Director,                     )<br>Texas Department of Criminal            )<br>Justice, Correctional Institutions Division, )<br>　　　　Respondent.                         ) | No. 3:19-CV-2293-L-BH<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is an *Amended Petition For A Writ Of Habeas Corpus By A Person In State Custody*, received on October 31, 2019 (doc. 10). Based on the relevant filings and applicable law, the petition should be **TRANSFERRED IN PART** to the United States Court of Appeals for the Fifth Circuit as second or successive, and **DENIED IN PART** as barred by the statute of limitations.

**I. BACKGROUND**

Anthony Scott Johnson (Petitioner), a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a document that was received on September 26, 2019, and construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* docs. 3, 4.) His amended petition, received on October 31, 2019, challenges his 2001 convictions in Cause Nos. F-99-72651, F-99-72859, and F-99-72860, in the 195th Judicial District of Dallas County, Texas, for aggravated robbery and aggravated sexual assault. (*See* doc. 10 at 2);[2] *see also* https://offender.tdcj.texas.gov/OffenderSearch/search.action (last visited Mar. 6, 2020). He received

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a life sentence, a 99-year sentence, and a 60-year sentence. (*See id.*)

Petitioner filed a notice of appeal in all three cases, and on August 22, 2002, the conviction in each was affirmed. http://www.txcourts.gov/ (last visited Mar. 24, 2020). He did not file a petition for discretionary review in any of the three cases. *Id.*

In Cause No. F-99-72651, Petitioner's first state habeas petition was filed on August 22, 2003, and denied on October 1, 2003. *Id.* His second state habeas petition, filed on March 4, 2004, was dismissed on May 26, 2004; his third state habeas petition, filed on July 23, 2012, was denied on August 15, 2012. *Id.* His fourth state habeas petition was filed on April 29, 2019, and it was dismissed on May 15, 2019. *Id.*

In Cause No. F-99-72859, Petitioner's first state habeas petition was filed on August 12, 2003, and denied on October 1, 2003; his second state habeas petition, was filed on February 27, 2004, and was dismissed on May 26, 2004. *Id.* His third state habeas petition was filed on July 30, 2009, and it was dismissed on August 26, 2009. *Id.* His fourth state habeas petition was filed on July 25, 2012, and denied on August 15, 2012. *Id.* His fifth state habeas petition, filed on April 26, 2019, was dismissed on May 15, 20019. *Id.*

In Cause No. F-99-72860, Petitioner's first state habeas petition was filed on August 21, 2003, and it was denied on October 1, 2003. *Id.* His second state habeas petition, filed on February 27, 2004, was dismissed on May 26, 2004; his third state habeas petition, filed on October 20, 2009, was dismissed on November 8, 2009. *Id.* His fourth state habeas petition was filed on April 29, 2019, and was dismissed on May 15, 2019. *Id.*

Petitioner has not previously filed a federal petition for habeas corpus under 28 U.S.C. § 2254 attacking his conviction in Cause No. F-99-72859. He previously filed three separate federal

habeas actions challenging his convictions in Cause Nos. F-99-72651 and F-99-72860, however. *See Johnson v. Douglas Dretke, Director TDCJ-CID*, 3:06-CV-924-M (N.D. Tex. July 11, 2006) (successive habeas corpus petition challenging Cause Nos. F-99-72651 dismissed for want of jurisdiction); *Johnson v. Douglas Dretke, Director TDCJ-CID*, 3:04-CV-1359-G (N.D. Tex. Jan. 4, 2006) (habeas corpus petition challenging Cause No. F-99-72860 dismissed with prejudice as time-barred); *Johnson v Douglas Dretke, Director TDCJ-CID*, 3:04-CV-1357-M (N.D. Tex. Jan. 3, 2006) (habeas corpus petition challenging Cause Nos. F-99-72860 and F-99-72651 dismissed with prejudice as time-barred).

In his amended petition, Petitioner now argues that he is actually innocent, and that the trial court lacked jurisdiction. (*See* doc. 10 at 6-7.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v.*

*Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").³ A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner again challenges his convictions in Cause Nos. F-99-72651 and F-99-72860, although he previously challenged them in prior federal petitions that were denied on the merits.⁴ Under *Hardemon* and *Crone*, he was required to present all available claims in his first petition for each conviction. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The

---

³ Although *Crone* involved a challenge to petitioner's judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

⁴ A dismissal based on the statute of limitations is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See Anders v. Cockrell*, No. 3-02-CV-2513, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) ("A dismissal on statute of limitations grounds is tantamount to a merits ruling.").

crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions. Petitioner's federal petition is second or successive with respect to Cause Nos. F-99-72651 and F-99-72860, within the meaning of 28 U.S.C. § 2244(b), because it raises claims that were or could have been raised in his initial federal petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his challenge to his convictions in Cause Nos. F-99-72651 and F-99-72860 in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief from his convictions in Cause Nos. F-99-72651 and F-99-72860, this Court lacks jurisdiction over it.

### III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)).  The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Because Petitioner did not file a PDR with the Texas Court of Criminal Appeals, his state conviction in Cause No. F-99-72859 became final for purposes of § 2244(d) on the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal on August 22, 2002. *See* Tex. R. App. P. 68.2(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). His conviction therefore became final on September 21, 2002. The one year limitations period under § 2244(d)(1)(A) for this conviction began running on that date and expired on September 21, 2003. *See Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir.1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period). Because Petitioner filed his federal petition almost 16 years later, a literal application of § 2244(d)(1) renders his September 16, 2019,[5] federal petition untimely.

A. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).

Petitioner's state habeas applications in Cause No. F-99-72859 were received and deemed filed on August 12, 2003, February 27, 2004, July 30, 2009, July 25, 2012, and April 26, 2019. Only

---

[5] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

the first state habeas application was filed before his statutory period expired on September 21, 2003, and serves to toll the statutory period under § 2244(d)(2). Because that first state habeas application was filed on August 12, 2003, and was denied on October 1, 2003, the statutory period was tolled for 51 days. *See id.*; *see also Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009) ("[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided."). Petitioner therefore had until November 11, 2003, to file a timely federal petition.

Petitioner's other four state habeas applications were filed after the statutory period expired on September 21, 2003, so they did not toll the period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). The statutory tolling provision does not save the petition.

**B.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President*

*Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing.  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  He bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted.  *Coleman*, 184 F.3d at 402.

Here, Petitioner has failed to present any arguments or evidence to show that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petitioner earlier.  It was filed almost 16 years after the limitations period expired, and he has failed to meet his burden to show that he is entitled to equitable tolling.

**C.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S.

9

at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id*. at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner argues that the one-year time statute of limitations period is inapplicable in this case because he is actually innocent. (*See* doc. 10 at 6, 10.) He claims that the evidence used in his prosecution consisted solely of DNA testing, and that such methods have been proven unreliable. (*See id.* at 6-7.) He also claims that at his trial, the DNA experts testified that the probability of his DNA matching the DNA profile discovered at the crime scene was one in a million or billion. (*See id.* at 7.) He contends that in May 2015, the Federal Bureau of Investigations (FBI) announced that there were discrepancies in the population statistics used to calculate DNA probabilities in cases involving genetic material from multiple people, and the Texas Forensic Science Commission issued a new protocol based on the FBI's updated data. (*Id.* at 7.)

Petitioner's general allegations about purported advances in DNA evidence do not rise to the level of "new evidence" demonstrating actual innocence in *his* case. *See McQuiggin*, 569 U.S. at 386. Moreover, he has failed to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Petitioner has failed to meet the relevant actual

10

innocence standard to overcome the untimeliness of his petition relating to Cause No. F-99-72859, and his federal petition is barred by the statute of limitations.

## IV.  RECOMMENDATION

Petitioner's challenge to his convictions in Cause Nos. F-99-72651 and F-99-72860 under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), as second or successive.  His challenge to his conviction in Cause No. F-99-72859 should be **DENIED with prejudice** as barred by the statute of limitations.

**SIGNED on this 25th day of March, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE