IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY SCOTT JOHNSON, ID # 1024898, §§§§§ Petitioner, § v. § LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, §§§§§§§ Respondent. § | Civil Action No. **3:19-CV-2293-L** |

## ORDER

On March 25, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation ("Report") (Doc.17), recommending that Petitioner Anthony Scott Johnson's ("Petitioner") Amended Petition for a Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") (Doc. 10), be transferred in part to the United States Court of Appeals for the Fifth Circuit as second or successive, and denied in part as barred by the statute of limitations.

In Petitioner's Amended Petition, he challenges the following state court convictions: (1) a life sentence for Aggravated Sexual Assault ("Cause No. F-99-72651"); (2) a 99-year sentence for one count of Aggravated Robbery ("Cause No. F-99-72860"); and (3) a 60-year sentence for a second count of Aggravated Robbery ("Cause No. F-99-72651"). Magistrate Judge Ramirez highlights that Petitioner has previously filed federal habeas petitions under 28 U.S.C. § 2254, challenging his convictions in Cause Nos. F-99-72651 and F-99-72860, but has not previously filed a federal habeas petition related to Cause No. F-99-72859. *See* Report 2-3. In his Amended

**Order – Page 1**

Petition, he challenges all three convictions, asserting that he is actually innocent and that the trial court lacked jurisdiction.

As Petitioner has already filed habeas petitions challenging his convictions in Cause Nos. F-99-72651 and F-99-72860, Magistrate Judge Ramirez determined that this portion of the Amended Petition should be construed as a second or successive petition, and, accordingly, the court lacks jurisdiction to entertain this successive petition without authorization from the Fifth Circuit. Thus, she recommends that the court transfer in part the Amended Petition to the Fifth Circuit for determination with respect to Cause Nos. F-99-72651 and F-99-72860 only.

With regard to Petitioner's challenge to his conviction in Cause No. F-99-72859, Magistrate Judge Ramirez determined that the Amended Petition, as it relates to this cause number, should be denied as time-barred, as: (1) the habeas petition was filed over 16 years after the deadline to file expired; (2) equitable tolling does not apply because Petitioner failed to present any argument that "he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petition[] earlier" (Report 9); and (3) "Petitioner failed to meet the relevant actual innocence standard to overcome the untimeliness of his petition." (Report 11). For these reasons, Magistrate Judge Ramirez recommends that the court deny with prejudice in part the Amended Petition, as it relates to Cause No. F-99-72859. No objections to the report were filed.

Having reviewed the pleadings, file, record in this action, and the Report, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. The court, therefore, **transfers in part and denies in part** Petitioner's Amended Petition for a Writ of Habeas Corpus By a Person in State Custody (Doc. 10). Accordingly, the court construes Petitioner's challenge to his convictions in Cause Nos. F-99-

72651 and F-99-72860, under 28 U.S.C. § 2254, as a successive petition for post-conviction relief. The court, therefore, lacks subject matter jurisdiction to entertain this action and **directs** the clerk of court to **transfer** this action to the United States Court of Appeals for the Fifth Circuit for determination with regard to these cause numbers only.  The court, however, **denies with prejudice** Petitioner's challenge to his conviction in Cause No. F-99-72859, as it is barred by the statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

>    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
>    **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3

**It is so ordered** this 29th day of May, 2020.

                                                     Sam A. Lindsay
                                                     United States District Judge